

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

August 5, 1974

The Honorable James R. Arnold
Administrator
Governor's Office of Traffic Safety
P. O. Box 13449, Capitol Station
Austin, Texas 78711

Opinion No. H- 366

Re: Use which may be made
of the "Drive Friendly" logo.

Dear Mr. Arnold:

You have asked several questions concerning the authority of the Governor's Office of Traffic Safety to earn income from the promotional use of the "Drive Friendly" logo.

Your office wishes to place an inexact representation of the "Drive Friendly" logo on a number of T-Shirts, sell the shirts through a merchandising agent who would be a private individual or corporation, realize a profit or "income" from the transaction and then use funds thus earned for other aspects of a traffic safety program. Your questions are answered in this context.

The Governor's Office of Traffic Safety derives its authority from the Governor who, by Article 6701j-1, V. T. C. S., The Texas Traffic Safety Act of 1967, is "responsible for preparing and administering a statewide traffic safety program designed to reduce traffic accidents and the resulting deaths, injuries, and property damage. " Sec. 2 (b).

The Governor is given extensive authority to design and administer a program of driver education and training for Texas, including the power to provide "for contracts between governing bodies of centrally located independent school districts or other suitable public and private agencies and the State to provide for approved driver education and training programs..."
Sec. 3(a)(3).

He is also given implicit power to contract with the Federal Government and with political and legal subdivisions of the State when this is necessary to implement a traffic safety program.  Secs. 4, 5(b).  Political and legal subdivisions are, in turn, authorized to contract with the State, with each other, and with private persons and may expend funds from any source of "activities incident to the performance of any part of the program and may contract and pay for personal services or property to be used in the program or activities incident to the program." Sec. 5(b).

Apart from the planning and coordinating responsibilities given to the Governor, his most important power is his authority to allocate "such funds as may be appropriated by the Legislature in the General Appropriations Act to implement the purposes of this Act." Sec. 7 (b).

Section 6 (d) identifies the method of allocation:

> Grants in aid for governmental purposes and payments to discharge contractual obligations may be made to legal and political subdivisions of the State to carry out any duties and activities which are part of a statewide traffic safety program created, developed, and maintained under this Act. For the implementation of this Act, contractual payment may be made from the Traffic Safety Fund for services rendered and property furnished by private persons and by agencies which are not political and legal subdivisions of the State.

We interpret Article 6701j-1  as contemplating: (a) intergovernmental contracts; (b) contracts between the State (Governor) and private agencies if necessary for driver education programs, Sec. 3(3); (c) contracts between political subdivisions and private individuals for a variety of purposes and activities incident to a traffic safety program.

We cannot find authority for a contract between the Governor's office and a private corporation providing for the merchandising of "Drive Friendly" T-shirts to the general public, to earn additional income for the State Traffic Safety Program.

In Forth Worth Cavalry Club v. Sheppard, 83 S. W. 2d 660, 663 (Tex. 1935), the Supreme Court said:

> All public offices and officers are creatures of law. The powers and duties of public officers are defined and limited by law. By being defined and limited by law, we mean the act of a public officer must be expressly authorized by law, or implied therefrom . . . . It follows from the above that public officers may make only such contracts for the government they represent as they are authorized by law to make.

We are unable to find express or implied authority in Article 6701j-1, V. T. C. S. , for a contract between the Governor and either a private corporation or individual for the merchandising of "Drive Friendly" T-shirts to earn additional income for the State Traffic Safety Program.

## SUMMARY

The Governor's Office of Traffic Safety does not have authority under Article 6701-j, V. T. C. S. the Texas Traffic Safety Act, to earn income by means of a contract executed by it assigning rights to the promotional use of the "Drive Friendly" logo to a private corporation or individual.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee